## CIRCUIT COURT OF THE CITY OF NORFOLK

Econo-Travel Motor Hotel Corp., etc.

v.

Marshall L. Bailey

November 1, 1976

Case No. (Law) L-76-982

By JUDGE THOMAS R. McNAMARA

The contract in question in this matter, under the agreed facts, was negotiated by mail and by telephone between the defendant in Florida and the plaintiff in Norfolk, which negotiations ultimately led to the plaintiff's preparing, on its own contract forms, a proposed contract and forwarding it to the defendant in Florida, where it was executed by him on the 7th of February, 1972. Apparently it was then returned to Norfolk where it was executed by the plaintiff on March 13, 1972. This contract might well have been regarded by the parties at the time it was forwarded to Florida as an offer made on the part of the plaintiff which was accepted upon its execution in Florida by the defendant. It would appear that the parties did consider it in that light, since it is dated February 7, 1972, and referred to in the attached authorization agreement as the franchise Agreement dated February 7, 1972. Indeed, in the Motion for Judgment it is alleged that "On February 7, 1972, the defendant Marshall L. Bailey (hereafter 'Bailey') entered into a Franchise Agreement with Econo-Travel Corporation."

It is true that under the affidavit submitted on behalf of plaintiff after reciting that the contract was signed by Marshall L. Bailey in the State of Florida on February 7, 1972, and subsequently executed on March

13, 1972, by Econo-Travel Motor Hotel Corporation, the affidavit then asserts that said contract "was made in the State of Virginia." However, the Court considers that the latter statement was merely a conclusion of law and not a part of the agreed facts set forth in said affidavit.

Under these circumstances it appears that the contract was complete when the plaintiff's offer was accepted in Florida and the written contract executed there by the defendant on February 7, 1972.

Even if it be considered that the contract was not complete until it was executed by the plaintiff in Norfolk on March 13, 1972, it does not appear to the Court that the principle announced in the case of *Kolbe, Inc.* v. *Chromodern, Inc.*, 211 Va. 736 (1971), is applicable to bestow jurisdiction of the Virginia courts over the defendant under the long-arm statute, under the circumstances of this case. In the *Kolbe* case both parties, through their representatives, were present in Richmond, Virginia, when the written order which controlled the transaction in that case was secured. The Court there found that the California defendant, through its representative MacDonald, had voluntarily and purposely availed itself of the privilege of conducting activities within Virginia which amounted to a substantial transaction of business in this State. MacDonald's activities had transpired in the city of Richmond.

In the case ar bar, the defendant, neither in person nor through any representative, had conducted any activities within Virginia which amounted to a substantial transaction of business in this State.

Accordingly, the defendant's Motion to Quash Service of Process heretofore filed will be sustained.